Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-10-00635-CV

Brenda **DOVE**,
Appellant

v.

R. Norvell **GRAHAM**, Jr., Law Offices of Ralph Brown, P.C., and David Ross,
Attorneys

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12783
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:          Catherine Stone, Chief Justice
                  Sandee Bryan Marion, Justice
                  Rebecca Simmons, Justice

Delivered and Filed:  August 10, 2011

REVERSED & REMANDED

This appeal arises from Appellant Brenda Dove's legal malpractice claim against her attorneys, R. Norvell Graham, Jr., Law Offices of Ralph Brown, P.C., and David Ross (the Attorneys).  Dove appeals the trial court's grant of the Attorneys' traditional motion for summary judgment.  We reverse and remand the cause to the trial court for further proceedings consistent with this opinion.

**BACKGROUND**

After suffering an injury in a car accident allegedly caused by Daniel Kraft in 2001, Dove hired the Attorneys to represent her in a personal injury suit against Kraft. In May 2003, the Attorneys filed suit against Kraft. The case was plagued by delay, as the trial court granted the parties' multiple requests for continuances and the case was continued for several years before proceeding to trial on January 14, 2008. On the day of trial, the Attorneys requested another continuance, which the trial court denied. According to Dove, the Attorneys then nonsuited her case against Kraft without her approval.

Dove retained new counsel and filed a legal malpractice suit against the Attorneys in March 2009. She named Kraft as a defendant in the suit, but she could not locate Kraft to serve him because he had moved to California. In her petition, Dove alleged that Kraft caused her personal injury and the Attorneys were negligent by failing to prepare and try her case against Kraft in a reasonably diligent manner and by entering the nonsuit in 2008. She alleged that, as a result of this negligence, the relevant statute of limitations barred her from reasserting her negligence claim against Kraft and obtaining a recovery in excess of $200,000.

In response, the Attorneys sought leave to designate Kraft as a responsible third party pursuant to chapter 33 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008). After the trial court granted the Attorneys' motion for leave, the Attorneys amended their answer to designate Kraft as a responsible third party on January 10, 2010. Subsequently, the Attorneys located Kraft in California and filed a cross-claim against him, serving him with their cross-claim and providing a copy of Dove's petition. Kraft filed an answer to both, asserting: (1) the affirmative defenses of laches and statute of limitations; and (2) that he was improperly joined as a responsible third party.

Both Kraft and the Attorneys filed traditional motions for summary judgment.[1] The Attorneys argue that the trial court denied Kraft's motion in which he raised his statute of limitations defense because Kraft was barred from raising this defense under chapter 33 of the Texas Civil Practice and Remedies Code. The trial court granted the Attorneys' traditional motion for summary judgment dismissing Dove's claims against them. Thereafter, it granted the Attorneys' motion to sever, making the trial court's summary judgment a final, appealable order. Dove's appeal followed.

MOTION FOR SUMMARY JUDGMENT

The Attorneys filed a traditional motion for summary judgment arguing that their "revival" of the underlying suit conclusively disproves the causation element of Dove's legal malpractice claim.[2] They contend that the designation of Kraft as a responsible third party and his subsequent joinder as a defendant pursuant to chapter 33 of the Texas Civil Practice and Remedies Code cured any harm to Dove because Kraft may no longer raise his statute of limitations defense. The Attorneys' argument appears to be that Dove's ability to pursue her claims against Kraft in the second suit defeats causation stemming from the Attorneys' negligence in the first suit. We are not persuaded by this argument.

## A. Standard of Review

We review an order granting a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional motion for summary judgment should be granted only when the movant establishes that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law on the grounds

---

[1] The Attorneys also filed a no-evidence motion for summary judgment based on Dove's failure to designate an expert witness. However, it appears that the trial court granted Dove an extension of time to designate an expert, and the Attorneys abandoned their no-evidence motion based on the lack of an expert before the hearing.

[2] For purposes of our standard of review it is important to note the Attorneys did not file a no-evidence motion on the issue of causation.

expressly set forth in the motion. TEX. R. CIV. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). For defendants to prevail on a traditional motion for summary judgment, they must either conclusively prove all elements of an affirmative defense or conclusively disprove an essential element of the plaintiff's cause of action.[3] *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). We take evidence favorable to the nonmovant as true and indulge every reasonable inference in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

## B. Causation

The Attorneys' argument that they conclusively established a lack of causation rests entirely on the renewed suit against Kraft filed two years after the nonsuit. Specifically, the Attorneys claim that "Ms. Dove may now pursue her claims against Kraft as if the nonsuit had never occurred." Causation is an essential element of a plaintiff's legal malpractice claim. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006). This element ordinarily requires the plaintiff to prove that she would have prevailed in the underlying suit but for her attorney's alleged breach of duty. *Greathouse v. McConnell*, 982 S.W.2d 165, 172–73 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "This aspect of the plaintiff's burden is commonly referred to as the 'suit within a suit' requirement." *Id.* at 173. At trial, Dove would be required to prove the amount of damages that would have been recoverable if the first case had been properly prosecuted. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009).

---

[3] The Attorneys complain that Dove failed to provide evidence of harm from the delay in her response to the motion for summary judgment. We note that Dove had no burden to respond with evidence until the Attorneys satisfied their right to judgment as a matter of law. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

In her malpractice action, Dove pleaded that but for the negligence of the Attorneys consisting of both delay and improper nonsuit, she would have recovered over $200,000 in her case against Kraft that was non-suited in 2008. The relevant inquiry for this appeal, therefore, is whether the Attorneys have conclusively proved that their negligence in the first suit (delay and nonsuit) as a matter of law did not cause Dove harm. *See Belt*, 192 S.W.3d at 783; *Elliott-Williams*, 9 S.W.3d at 803. Rather than address causation stemming from their actions in the first suit, the Attorneys focus on a "cure" that appears to be related to mitigation rather than causation. The fact that Dove's claims against Kraft were resurrected in 2010 and may go to trial in the future does not defeat the claims that Dove has against the Attorneys for their alleged substandard performance in the prior suit. The cure cannot turn back the clock over two years and place Dove in the position she was in before the nonsuit and delay, as Dove is left with claims over ten years old and a defendant with defenses of limitations and laches that Dove will have to address.[4] Dove's renewed opportunity to recover against Kraft, if brought to fruition, may reduce or eliminate the damages attributable to the Attorneys' negligence, but it does not eliminate Dove's current malpractice claims against the Attorneys.

The Attorneys' designation of Kraft as a responsible third party and the subsequent joinder of Kraft as a defendant—the sole basis of the traditional motion for summary judgment—does not conclusively establish that Dove would not have prevailed against Kraft in the first suit regardless of the nonsuit. Because the Attorneys have not conclusively disproved the causation element of Dove's malpractice claim, the trial court erred in granting the summary judgment.[5]

---

[4] Although the Attorneys point out that Kraft was denied a summary judgment on limitations, this does not preclude Kraft from raising limitations, laches, and other related defenses at trial.

[5] Because we reverse the motion for summary judgment, we need not address appellant's alternative argument regarding Kraft's designation as a responsible third party. *See* TEX. R. APP. P. 47.1 (requiring our opinions to be as "brief as practicable" while addressing all issues "raised and necessary to final disposition of the appeal").

## MOTION TO SEVER

In her Prayer and Conclusion, Dove requests that we reverse the trial court's order granting the Attorneys' motion to sever. However, she failed to provide any argument or authority to support this request. An appellant's brief "must state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. Otherwise, the complaint is inadequately briefed. *See Grohman-Kahlig v. Kahlig*, 319 S.W.3d 28, 36 (Tex. App.—San Antonio 2008), *aff'd in part, rev'd in part on other grounds sub nom. Grohman v. Kahlig*, 318 S.W.3d 882 (Tex. 2010). In her Statement of the Case, Dove "challenges the propriety of the order[] granting the attorney defendants' . . . motion to sever." She makes no further mention of the severance until the Prayer and Conclusion, when she requests that we reverse the same. She assigns no issue to the complaint and offers no clear and concise argument or citations to authorities or the record in support of her complaint. Thus, we deny her request. *See id.*

## CONCLUSION

For the foregoing reasons, we reverse the trial court's grant of the Attorneys' traditional motion for summary judgment and remand the severed cause to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice