Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## OPINION

No. 04-11-00610-CV

Amy **FIELDS**,
Appellant

v.

**KLATT HARDWARE & LUMBER, INC.**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 09-09-48404-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  June 20, 2012

AFFIRMED

Appellant Amy Fields asserts she received chemical burns on her arms when drain cleaner splashed on her as she opened the container. Fields sued the seller, Klatt Hardware and Lumber, Inc., and the manufacturer, Masterjack Services, Inc., for damages. Masterjack never answered or appeared. The trial court concluded Klatt was immune from liability under Texas Civil Practice and Remedies Code section 82.003 and granted Klatt's traditional motion for

summary judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (West 2011). We affirm the trial court's judgment.

## BACKGROUND

Amy Fields purchased a bottle of Masterjack Drain Opener from the Klatt Hardware and Lumber, Inc. store in Orange Grove, Texas. Masterjack Drain Opener is manufactured by Masterjack Services, Inc., a Colorado corporation that does not have a regular place of business or a designated agent for service of process in Texas. According to Fields, when she opened the flexible container, some of the drain cleaner splashed onto her hands and arms. She asserts she suffered second and third degree chemical burns from the drain cleaner.

Fields alleged that the product was defective, and she sued Klatt and Masterjack. She obtained personal service on Masterjack's president, Donald Melton, in Colorado. She also served Masterjack through the Texas Secretary of State in accordance with the long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041–.045 (West 2008). As of the date of the summary judgment, Masterjack had not answered or appeared. As discussed further below, section 82.003 of the Texas Civil Practice and Remedies Code provides that a nonmanufacturing seller of a defective product is generally not liable for harm caused by that product. *See id.* § 82.003(a) (West 2011). However, there is a provision that permits the plaintiff to proceed against a nonmanufacturing seller if the product's manufacturer is "not subject to the jurisdiction of the court." *Id.* § 82.003(a)(7)(B).

In its traditional motion for summary judgment, Klatt sought to establish that Masterjack was subject to the jurisdiction of the court and (1) asserted it had served Masterjack, (2) offered an affidavit averring Masterjack's minimum contacts with Klatt in Texas, (3) insisted that there were no genuine issues of material fact, and (4) contended that summary judgment was proper

because it had secured personal jurisdiction over Masterjack and it was entitled to judgment as a matter of law. The trial court severed Fields's and Klatt's claims against Masterjack, abated the severed cause, and granted Klatt's motion for summary judgment that Fields take nothing against Klatt. Fields appeals the trial court's judgment.

TRADITIONAL SUMMARY JUDGMENT

## A. Summary Judgment Requirements

A traditional summary judgment is proper if the summary judgment evidence shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In its live pleading, a party's admission of a fact that is adverse to its position can be competent summary judgment evidence. *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 436 (Tex. App.—Texarkana 1999, pet. denied); *see Gambrinus Co. v. Galveston Beverage, Ltd.*, 264 S.W.3d 283, 289 n.4 (Tex. App.—San Antonio 2008, pet. denied). Further, "summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c); *accord Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam).

## B. Standard of Review

We review the grant of a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Dove v. Graham*, 358 S.W.3d 681, 684 (Tex. App.—San Antonio 2011, pet. denied). In this case Klatt moved for summary judgment on an exception to liability for which he ultimately had the burden of proof.[1] The

---

[1] Section 82.003 grants immunity to liability to nonmanufacturing sellers unless the claimant proves the manufacturer is "not subject to the jurisdiction of the court." TEX. CIV. PRAC. & REM. CODE ANN. § 82.003. If the

standard for reviewing Klatt's summary judgment is whether the summary judgment proof shows that "there is no genuine issue of material fact and that [Klatt] is entitled to judgment as a matter of law." *See Nixon*, 690 S.W.2d at 548; *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). In deciding whether there is a disputed material fact issue precluding summary judgment, "evidence favorable to the non-movant will be taken as true." *Nixon*, 690 S.W.2d at 549. "Every reasonable inference must be indulged in [Fields's] favor . . . and any doubts will be resolved in [her] favor." *See id.* "A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense." *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.).

## STATUTORY INTERPRETATION

The issue in this case revolves around the interpretation of subsections (a)(7)(B) and (c) of section 82.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(7)(B), (c). To ascertain the legislature's intent for a particular statute, we begin with the statute's plain language. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011); *accord City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). We review questions of statutory interpretation de novo. *See Molinet*, 356 S.W.3d at 411; *City of Rockwall*, 246 S.W.3d at 625.

---

manufacturer is served through the secretary of state as required and the manufacturer fails to appear, then a conclusive presumption arises that the "manufacturer is not subject to the jurisdiction of the court." *Id.* § 82.003(c). A seller may avoid the conclusive presumption that the manufacturer is not subject to the jurisdiction of the court by "secur[ing] personal jurisdiction over the manufacturer in the action." *Id.*

**SECTION 82.003, LIABILITY OF NONMANUFACTURING SELLERS**

Chapter 82 of the Civil Practice and Remedies Code addresses products liability. Section 82.003 addresses the liability of nonmanufacturing sellers; its pertinent parts follow.

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves . . . (7) that the manufacturer of the product is: (A) insolvent; or (B) not subject to the jurisdiction of the court.
> . . . .
> (c) If after *service* on a nonresident manufacturer through the secretary of state in the manner prescribed by Subchapter C, Chapter 17, the manufacturer fails to *answer* or otherwise *make an appearance* in the time required by law, it is conclusively presumed for the purposes of Subsection (a)(7)(B) that the manufacturer is not subject to the jurisdiction of the court unless the seller is able to *secure personal jurisdiction* over the manufacturer in the action.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (emphasis added) (footnote omitted).

**ANALYSIS**

Fields and Klatt agree that this appeal turns on whether Klatt conclusively established that he secured personal jurisdiction over Masterjack. *See id.*

**A. Fields's Argument**

Fields argues summary judgment was improper because she served Masterjack as required in section 82.003(c), and therefore she is entitled to a conclusive and irrebuttable presumption that Masterjack is not subject to the jurisdiction of the trial court. *See id.* She asserts the statutory presumption satisfies subsection (a)(7)(B)'s provision which waives the seller's immunity from liability if the claimant proves the manufacturer is not subject to the jurisdiction of the court. *See id.* § 82.003(a)(7)(B). She rejects Klatt's assertion that it secured personal jurisdiction over Masterjack because Klatt did not secure Masterjack's answer or appearance. In her view, securing personal jurisdiction means securing an appearance, not just service. She insists Klatt did not secure personal jurisdiction over Masterjack in this case, and thus the trial court erred by granting Klatt's traditional motion for summary judgment.

## B. Klatt's Argument

Klatt argues that a seller may secure personal jurisdiction over a manufacturer by properly serving the manufacturer under the long-arm statute—which includes pleading the manufacturer's minimum contacts with Texas sufficient to satisfy constitutional due process. Klatt maintains that it secured personal jurisdiction over Masterjack because it served Masterjack under the long-arm statute and the undisputed summary judgment evidence shows that Masterjack established sufficient minimum contacts with Texas.

## C. Section 82.003's Plain Language

We believe that under the statute's plain language the nonmanufacturing seller may qualify for the exception without obtaining the manufacturer's general appearance in the lawsuit. However, the seller must do more than prove service of process on the manufacturer to establish the exception to the presumption that the manufacturer is not subject to the court's jurisdiction.

### 1. Operative Clauses

Subsection (a)(7)(B) waives the nonmanufacturing seller's immunity from liability if the claimant proves the manufacturer is "not subject to the jurisdiction of the court." *Id.* § 82.003(a). Until subsection (c) was added in 2009, the claimant had to prove the negative: the manufacturer did not establish minimum contacts with Texas. *See Dennis v. Giles Grp., Inc.*, No. 04-07-00280-CV, 2008 WL 183062, at *6–7 (Tex. App.—San Antonio 2008, no pet.) (mem. op.) (reviewing a no-evidence motion with disputed facts on the manufacturer's minimum contacts). But now, subsection (c)'s plain language reduces the burden on the claimant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(c). If the nonresident manufacturer is served as required by section 82.003(c) and "the manufacturer fails to answer or otherwise make an appearance," the claimant receives a conclusive presumption that "the manufacturer is not subject to the

jurisdiction of the court." *Id.* § 82.003(c). However, if "the seller is able to *secure personal jurisdiction* over the manufacturer in the action," the presumption disappears. *Id.* (emphasis added).

### 2. *Securing Jurisdiction*

To better understand what the legislature means by secure personal jurisdiction, we can look to the section itself. *See City of Rockwall*, 246 S.W.3d at 625 ("In construing statutes, we ascertain . . . the Legislature's intent as expressed by the language of the statute."). In subsection (c), the legislature expressly addresses "service" on the manufacturer and what happens if "the manufacturer fails to answer or otherwise make an appearance." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(c).

> (c) If after *service* on a nonresident manufacturer through the secretary of state in the manner prescribed by Subchapter C, Chapter 17, the manufacturer fails to *answer* or otherwise *make an appearance* in the time required by law, it is conclusively presumed for the purposes of Subsection (a)(7)(B) that the manufacturer is not subject to the jurisdiction of the court unless the seller is able to *secure personal jurisdiction* over the manufacturer in the action.

*Id.* (emphasis added) (footnote omitted).

The legislature uses the phrase "service on" in the traditional sense when it describes service on the manufacturer through the secretary of state. Notably, the legislature does not use the terminology "service on" to describe the seller's duty to "secure personal jurisdiction[2] over" the manufacturer. *See id.* Moreover, not only is the phrase "secure personal jurisdiction" used rather than "service on," but the section would make little sense if the seller need only duplicate the plaintiff's service on the manufacturer to avoid the conclusive presumption that the

---

[2] Neither Texas nor federal courts use the term "secure personal jurisdiction" with any regularity to suggest it is a well-defined term of art. A federal practice guide seems to indicate that secure personal jurisdiction is synonymous with service and minimum contacts. *See generally* 4A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1069.7 (3d ed. 2002) (discussing how a court acquires personal jurisdiction over a person, including service and minimum contacts, and noting "it is important to remember that a plaintiff also must *secure personal jurisdiction* over a defendant with respect to each claim she asserts" (emphasis added)).

manufacturer is not subject to the jurisdiction of the court. We conclude that the terms "service on" and "secure personal jurisdiction" are not synonymous.

A Texas court has personal jurisdiction over a nonresident defendant if the defendant has been properly served and the nonresident defendant has established minimum contacts with Texas such that the court's "exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).

We believe the statute's plain language shows that the legislature intended that—after the claimant serves the manufacturer as required—the burden shifts to the seller to prove the elements necessary to demonstrate the court's personal jurisdiction over the nonresident manufacturer. Those elements include proper service and evidence of minimum contacts sufficient to subject the manufacturer to the jurisdiction of the court.[3] If the seller proves that the court has personal jurisdiction over the nonresident manufacturer (i.e., proper service and minimum contacts), the exception to the conclusive presumption applies, the statute immunizes the seller, and the claimant must pursue the manufacturer.

### 3. Basis for Summary Judgment

Klatt's sole ground for its traditional motion for summary judgment was that it had secured personal jurisdiction over Masterjack, the statutory presumption against jurisdiction did

---

[3] In some instances proper service may not be obtained through the Texas long-arm statute and other treaties and statutes must be utilized. Under subsection 82.003(c) the burden remains with the seller to (1) obtain and prove proper service and (2) prove the manufacturer's minimum contacts. *See In re J.P.L.*, 359 S.W.3d 695, 704–06 (Tex. App.—San Antonio 2011, pet. filed) (discussing service requirements under the Hague Service Convention for a nonresident defendant). *See generally* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, arts. 2–5, Nov. 15, 1965, 20 U.S.T. 361.

not apply, Klatt was immune from liability under the statute, and it was entitled to judgment as a matter of law.

Fields and Klatt agree that Klatt served Masterjack,[4] and both parties' summary judgment motions included evidence of Masterjack's minimum contacts with Klatt in Texas. Klatt's motion included Gordon Klatt's affidavit that Masterjack's sales representatives both telephoned him and personally visited him in his store to solicit Klatt's purchases of Masterjack's products. *See* TEX. R. CIV. P. 166a(c) (listing affidavits as competent summary judgment evidence); *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam) (same); *see also Moki Mac*, 221 S.W.3d at 576 (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784–85 (Tex. 2005)) ("A nonresident defendant that directs marketing efforts to Texas in the hope of soliciting sales is subject to suit here for alleged liability arising from or relating to that business."); *Pulmosan Safety Equip. Corp. v. Lamb*, 273 S.W.3d 829, 838 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (same). Fields's exhibits in her response to Klatt's summary judgment motion included sales orders from Masterjack, with Masterjack's president's name and signature, for products sales from Masterjack to Klatt, Masterjack's invoices to Klatt for Masterjack products, and Klatt's cancelled checks that paid Masterjack's invoices.

### 4. *Review of Summary Judgment*

To properly grant Klatt's motion for summary judgment, the trial court had to conclude that Klatt had secured personal jurisdiction over Masterjack in the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(c). Specifically, the trial court had to decide that there were no genuine issues of material fact, and that the summary judgment evidence conclusively proved that (1) Klatt had properly served Masterjack and (2) Masterjack was amenable to the

---

[4] Fields also served Masterjack through the Texas Secretary of State.

jurisdiction of the trial court in the suit. *See BMC Software*, 83 S.W.3d at 795 (personal jurisdiction); *Nixon*, 690 S.W.2d at 548–49 (summary judgment).

Fields and Klatt agree that Klatt properly served Masterjack under the Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044. Klatt also had to prove as a matter of law that Masterjack established minimum contacts with Texas. Although Gordon Klatt was an interested witness, his affidavit regarding Masterjack's contacts with Texas was clear, specific, consistent, and uncontroverted. *See* TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310. Fields had the opportunity to controvert Klatt's testimony and evidence, but she did not. *Cf. Dennis v. Giles Grp., Inc.*, No. 04-07-00280-CV, 2008 WL 183062, at *6–7 (Tex. App.—San Antonio 2008, no pet.) (mem. op.) (reversing a summary judgment because the claimant offered evidence that created a genuine issue of material fact about whether the Texas court could exercise personal jurisdiction over the Taiwanese manufacturer). In fact, Fields's summary judgment evidence included depositions, documents, and discovery responses that support Klatt's assertions that Masterjack had minimum contacts with Texas sufficient to satisfy constitutional due process. Fields's own evidence substantiated Klatt's assertions of Masterjack's minimum contacts with Texas, and she failed to raise any fact issues to defeat personal jurisdiction over Masterjack. *Cf. Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 436 (Tex. App.—Texarkana 1999, pet. denied). Having reviewed the summary judgment evidence de novo, we hold that Klatt conclusively proved that Masterjack established minimum contacts with Texas. *See Moki Mac*, 221 S.W.3d at 576 ("A nonresident defendant that directs marketing efforts to Texas in the hope of soliciting sales is subject to suit here for alleged liability arising from or relating to that business.").

### CONCLUSION

We hold that, under section 82.003 of the Civil Practice and Remedies Code, a nonmanufacturing seller can secure personal jurisdiction over a nonresident manufacturer where the seller proves that (1) the manufacturer has been properly served according to the requirements of the applicable laws, including treaty requirements, and (2) the manufacturer established minimum contacts with Texas sufficient to satisfy federal and state constitutional due process requirements.

Here, there were no genuine issues of material fact pertaining to Klatt's service on Masterjack or Masterjack's contacts with Texas. Further, Klatt's summary judgment evidence conclusively proves that Masterjack was served as required by subsection 82.003(c) and that Masterjack established minimum contacts with Texas. Therefore, the trial court properly concluded that Klatt (1) had secured personal jurisdiction over Masterjack in the suit, (2) was immunized by the statute, and (3) was entitled to have Fields's claims against it dismissed. We overrule Fields's issue and affirm the trial court's judgment.

Rebecca Simmons, Justice