

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00121-CV

SULMA GONZALES, APPELLANT

V.

KELLER CROWLEY AND ASSET BUYERS, INC., APPELLEES

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 26,874, Honorable Dan Mike Bird, Presiding

December 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal by Sulma Gonzales from a take nothing summary judgment entered in favor of Keller Crowley.[1] She sued Crowley alleging claims sounding in fraud and deceptive trade practices, which claims arose from a real estate sale in 2008. Suit was not filed until 2013, though. Crowley appeared and moved for summary judgment

---

[1] The record does not indicate that Asset Buyers, Inc. was served with citation. Nor did the corporation appear in the cause or file any pleadings. Similarly absent is indication that Gonzales ever expects to obtain or attempt service on Asset Buyers, Inc. Thus, the summary judgment at bar is final since it disposed of the claims asserted by the only plaintiff against the only defendant served with citation. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004) (finding that the judgment was final even though it did not dispose of one party when there was agreement that the party had not been served and there was no indication that service was expected).

contending that limitations had expired. The trial court agreed and entered the aforementioned summary judgment. Gonzales appealed, asserting that 1) the trial court did not have jurisdiction to enter summary judgment because she had initiated two interlocutory appeals, 2) the summary judgment entered was defective in form and "false in substance," 3) the evidence offered by Crowley in support of his motion was "meaningless," 4) fraud barred her ability to discover that she had a cause of action, and 5) her request to compel discovery should not have been denied.[2] We affirm the judgment.

*Background*

Gonzales bought a building at 1500 Main Street in Vernon on July 17, 2008. She contended in her petition that Crowley represented the building to be in good condition. She also admitted in pleadings that she saw the building one time from the outside and "very briefly on the inside" but that she did not "inspect" it.[3] Prior to the closing, a storm apparently damaged the building in June 2008 but Gonzales claimed that Crowley did not inform her of it. The transaction was closed by mail in July, and Gonzales contends she never met Crowley or was ever given a key to the building. The deed provides that the condition and habitability of the property was sold "as is," without reliance on representations of the seller, and upon reliance on the buyer's own inspection.

Gonzales received a letter from the City of Vernon in October 2008 informing her of the poor condition of the building and that repairs needed to be made to it. Photographs were enclosed with the letter showing holes in the side of the building and broken windows. Gonzales applied for and received a permit from the city in 2008 to

---

[2] We address some of these issues together.

[3] In her brief, Gonzales states she "never had a chance to inspect the interior."

make repairs. However, she claims that she was waiting on Crowley to make the repairs because the damage had occurred prior to closing. In May 2009, Gonzales received another letter from the city about the condition of the building noting that the condition of the building was "significantly damaged, neglected, and in need of immediate repair" and worse than seven months ago. An additional notice in April 2013 informed her that the building was open to the elements, pigeons were roosting in the attic space, and the city would begin a condemnation process if repairs were not made. In June 2013, she alleges she finally inspected the interior of the building for the first time when a contractor she hired broke a window to obtain entry.

*Jurisdiction*

Gonzales argues that the trial court did not have jurisdiction to rule on the motion for summary judgment while two interlocutory appeals remained pending. One involved an appeal from an order denying her motion to disqualify opposing counsel. The other involved an appeal from a purported order denying her motion to compel discovery.[4] We overrule the issue.

First, the statute dealing with interlocutory appeals, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2014), provides that an appeal "under Subsection (a), other than an appeal under Subsection (a)(4), stays the commencement of a trial in the trial court pending resolution of the appeal." *Id.* § 51.014(b). Neither an interlocutory appeal from an order denying the disqualification of an attorney nor from an order denying a motion to compel fall within the ambit of § 51.014(a). Thus, the statute does not affect the trial court's authority to dispose of the cause remaining on its docket, and Gonzales

---

[4] We say "purported order" because the record does not illustrate that the trial court denied her motion to compel.

3

cites us to no authority to the contrary or otherwise holding that a trial court loses jurisdiction over a cause in a situation like that here.

Second, an appellate court lacks jurisdiction over an appeal from an interlocutory order unless a statute permits such a proceeding. *Ogletree v. Matthews*, 262 S.W.3d 316, 318 n.1 (Tex. 2007). As previously mentioned, nothing in the Civil Practice and Remedies Code permits an interlocutory appeal from an order denying a motion to disqualify or an order denying a motion to compel discovery. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2014). Rather, such matters are reviewed (when no final judgment has been entered) through a petition for writ of mandamus. *In re Relators Bell Helicopter Textron, Inc.*, 87 S.W.3d 139, 144 (Tex. App.—Fort Worth 2002, orig. proceeding) (involving a motion to disqualify); *In re Tex. A&M-Corpus Christi Found.*, 84 S.W.3d 358, 360 (Tex. App.—Corpus Christi 2002, orig. proceeding) (involving a motion to compel discovery). So, the interlocutory appeals referenced by Gonzales would be impermissible.

*Defective Judgment*

Next, Gonzales contends that the summary judgment order is defective because 1) it recites that the motion was considered on March 24, 2014, when in fact it was heard on April 9, 2014, 2) it recites that due consideration was given to the evidence including discovery when in fact no evidence was presented except by Crowley and she received no discovery, 3) fact issues were presented in her first amended petition and "Motion for Judicial Notice on Adjudicative Facts . . ." which should have been considered, 4) more relief was granted than requested, and 5) Crowley did not meet his burden of proving his affirmative defense. We overrule the issue.

4

Crowley moved for summary judgment on the basis of limitations. The trial court originally scheduled a hearing on that motion for March 24, 2014, but the proceeding was continued to April 9, 2014, to give Gonzales a chance to respond. Her response consisted of an unsworn "Motion for Judicial Notice on Adjudicative Facts Pursuant [sic] TRE 201." However, attached to Crowley's motion for summary judgment were certified copies of the warranty deed given to Gonzales and copies of the records of the City of Vernon including letters and photographs sent to Gonzales regarding the condition of the property and a copy of the work permit that Gonzales obtained in October 2008. We further note Gonzalez represented in her first amended petition that she knew of purportedly undisclosed damage to the building as of August 2008.[5] With this said, we turn to the allegations before us.

As to the judgment being invalid because it mistakenly recites that the summary judgment hearing was held in March of 2014, Gonzales cites us to no authority supporting that proposition. Thus, she failed to properly brief the matter. *See Devine v. Dallas County*, 130 S.W.3d 512, 513-14 (Tex. App.—Dallas 2004, no pet.) (stating that one must cite, within his brief, to the record and to authority, otherwise the complaint is improperly briefed and waived). More importantly, we do not see how the trial court's mistake actually harmed her; nor does Gonzales attempt to illustrate harm. And, the latter must exist before reversal is appropriate. TEX. R. APP. P. 44.1(a).

As to the propriety of granting summary judgment on the defense of limitations, the statutory periods applicable to the deceptive trade practices and fraud claims alleged here are two and four years, respectively. TEX. BUS. & COM. CODE ANN. §

---

[5] While pleadings generally are not competent summary judgment evidence, *Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), admissions contained within the pleading and which are against the interest of the party tendering the pleading are competent evidence. *Fields v. Klatt Hardware & Lumber, Inc.*, 374 S.W.3d 543, 545 (Tex. App.—San Antonio 2012, no pet.).

17.565 (West 2011) (stating that an action for deceptive trade practices must be filed within two years of its accrual); s*ee* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 2002) (stating that an action on fraud must be brought not more than four years after the day the cause of action accrues). Gonzales alleged that Crowley failed to disclose defects in the building sold to her. That sale was completed in July of 2008. However, she did not file suit until September of 2013. The period between those two events exceeds four years; thus, limitations barred the action.

That she attempts to invoke the discovery rule to extend or toll limitations is of no help to her. As admitted in her live pleading, she obtained notice of at least some of the structural defects by October 2008. So, as a matter of law, the record illustrates that she knew or should have known of the defects about which she complained more than four years prior to suit had she acted diligently. *See BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 65 (Tex. 2011) (stating that under the discovery rule, the cause of action does not accrue until the injury could reasonably have been discovered). And, nothing in the record before us, including her unsworn "Motion for Notice of Adjudicative Facts . . . ," creates a material issue of fact on the matter.[6]

To the extent she also argues that Crowley defrauded her by executing the transfer when he did not own the property, the record illustrates that Asset Buyers, Inc. conveyed the realty to him within several days of the deed given to Gonzales. Yet, that act also transpired in July of 2008, and more than four years before suit. So, complaints arising from it are also barred by limitations. Moreover, under the doctrine of after-acquired title, Gonzalez acquired title to the properly upon Crowley acquiring title from

---

[6] In effort to support her argument on appeal, Gonzales attached to her brief documents absent from the clerk's record. Because they were not part of that record, we cannot consider them simply because they are attached to her brief. *Robb v. Horizon Communities Improvement Ass'n., Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.).

his transferor.  *See Houston First American Sav. v. Musick*, 650 S.W.2d 764, 770 (Tex. 1983) (a title subsequently acquired to the land by the warrantor or seller passes "eo instante" to his warrantee or buyer).

To the extent that Gonzales complains that she did not receive the discovery she requested, we note that she failed to secure a ruling upon her motion to compel. Furthermore, the record discloses that Gonzales acknowledged (at the hearing on her motion to compel) having received a response from Crowley to her discovery requests. And, though she may have been dissatisfied with the responses, she failed to inform the trial court how they were defective.  Nor did she file another motion to compel explaining why the discovery provided by Crowley was deficient.

To the extent Gonzales contends that the trial court awarded more relief than that sought by Crowley via his summary judgment motion, *see LaGoye v. Victoria Wood Condominium Ass'n*, 112 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating that an order granting summary judgment may not grant more relief than requested), Crowley prayed for a "Take Nothing Judgment against Plaintiff Sulma Gonzales, on the affirmative defense of limitations or alternatively, should the Court find some facts to be controverted, Movant be granted a partial summary judgment specifying those facts that appear to be without substantial controversy . . . ."  The final judgment awarded him fell within the scope of that prayer.

*Motion to Disqualify*

Next, Gonzales asserts that the trial court erred in denying her motion to disqualify Crowley's attorney.  Allegedly he was a fact witness and, therefore, barred by the rules of professional conduct from representing Crowley.  We overrule the issue.

7

How that order affects the decision to grant summary judgment upon the defense of limitations goes unexplained by Gonzales. Indeed, she says nothing about how his testimony could somehow excuse her failure to sue within four years of the real estate transaction at issue. Thus, we cannot see how the trial court's decision resulted in the rendition of an improper judgment or otherwise harmed her. TEX. R. APP. P. 44.1(a) (requiring the presence of harm before a judgment can be reversed).

We further note that one moving to disqualify the legal counsel of another party must establish that the attorney's testimony is essential to establish a material fact and that proceeding in the dual roles of attorney and witness will cause actual prejudice. *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (orig. proceeding). Gonzales did not explain to the court the specific testimony she intended to elicit from Crowley's attorney or why she could not obtain that information from alternative sources. Consequently, she failed to establish prejudice. *See id.* (rejecting the complaint because the complainant failed to illustrate "why other sources . . . are insufficient to establish . . ." the purportedly essential facts). Therefore, the decision to deny the motion has not been shown to be an instance of abused discretion. *See Yorkshire Ins. Co., Ltd. v. Seger*, 279 S.W.3d 755, 776 (Tex. App.—Amarillo 2007, pet. denied) (stating that the standard of review is one of abused discretion).

Accordingly, all of Gonzales' issues are overruled, and the judgment is affirmed.


Per Curiam

8