

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00747-CV

Marcelo **GALVAN**, Jr. and Analicia R. Galvan,
Appellants

v.

Cledson Macedo de **CARVALHO**, Kristina Carvalho and Jagaland Co., LLC,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2018CVH001835-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Rebeca C. Martinez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed: February 19, 2020

AFFIRMED

Marcelo Galvan, Jr. and Analicia R. Galvan appeal two summary judgment orders and a severance order. With regard to the severance order, the Galvans contend the trial court erred in granting the motion to sever filed by Cledson Macedo de Carvalho, Kristina Carvalho, and Jagaland Co., LLC because "[t]he severed claim could not stand on its own and is inextricably interwoven with the remaining issues in the" original cause. With regard to the summary judgment orders, the Galvans contend the trial court erred in granting the summary judgments declaring they do not have fee simple title to a 1.859 acre access road commonly referred to as Alta Mira Drive

and that the road was impliedly dedicated to the public for permanent public use. We affirm the trial court's orders.

## BACKGROUND

In 2016, the Carvalhos sued Jagaland asserting various claims relating to their purchase of a tract of unimproved real property in 2014. The lawsuit alleged the Carvalhos attempted to sell the property to a third party; however, the title company "was unable to issue a title policy, based upon claims by Galvan of a third-party ownership interest in the only roadway connecting the Subject Property to a public road." The roadway referred to in the petition is the 1.859 acre access road commonly referred to as Alta Mira Drive (the "Road"). Jagaland filed a third party claim against the Galvans.

In 2017, Jagaland filed a motion for partial summary judgment asserting the Road was created by a Grant of Easement executed by the then owners of the Road on March 8, 1979, which created a perpetual easement and right-of-way across the 1.859 acre tract of land for purposes of ingress and egress. The Grant of Easement was attached to the motion as an exhibit. Although Jagaland's motion acknowledged the Galvans have the right to use the Road based on the perpetual easement, the motion asserted the Grant of Easement did not give the Galvans any ownership interest in the Road. With regard to the Galvans' claimed ownership of the Road by chain of title based on a 1996 sheriff's deed resulting from an ad valorem tax foreclosure against Roger Gilpin, the motion alleged Gilpin did not have any ownership interest in the Road; therefore, the sheriff's deed was void. The Carvalhos filed a motion adopting Jagaland's motion. After a hearing, the trial court granted Jagaland's motion and entered an order declaring the Galvans "do not have fee simple title in and to the subject 1.859 acre roadway and do not possess any type of ownership interest whatsoever in and to the subject 1.859 acre roadway." The order further declared,

however, that the Galvans "have a perpetual easement and right-of-way for the purpose of ingress and egress across the subject 1.859 acre tract."

In 2018, Jagaland filed a second motion for partial summary judgment alleging the owners of the Road expressly and impliedly dedicated the Road for public use. Attached to Jagaland's motion were various recorded plats dedicating portions of the Road to public use and later adding to the Road by increasing the right-of-way on one or both sides of the Road. The Carvalhos filed a motion adopting Jagaland's motion. After a hearing, the trial court granted Jagaland's motion and declared the Road was impliedly dedicated to the public for permanent public use. In its order, the trial court noted the following:

> The Court finds that James L. Humphries, J. Thomas Ashely, III, Dean Haley, and Roland Nanez and Beeann Nanez were the fee simple owners of the 1.859 acre access road and had fee simple title of said 1.859 acre access road at the time they granted a right of way and easement in the Grant of Easement dated March 8, 1979, and at the time they dedicated portions of the 1.859 acre access road for public use via various plats that were created, executed, and recorded.

> The Court find that the dedication of the subject 1.859 acre access road to the public serves a public purpose, that it has been used by the public for over thirty-nine years as their only means of ingress and egress to and from Alta Mira Subdivision and surrounding subdivisions and that it provides the only means of ingress and egress to and from Alta Mira Subdivision and Alta Mira Estates Subdivision.

> The court further finds that the subject 1.859 acre access road is used and has been used by the City of Laredo to provide emergency services, waste disposal, and fire and police protection to persons in the Alta Mira and Altamira [sic] Estates Subdivisions.

> The Court finds that the fee simple owners of the subject 1.859 acre access road made an express and implied tender of dedication of said 1.859 acre access road and have executed various plats that expressly dedicated portions of the road.

> The Court finds that the City of Laredo is willing to accept the tender of the subject 1.859 acre access road and has impliedly accepted dedication by continuous use of said road for over thirty[-]nine years.[1]

---

[1] Because the trial court granted a summary judgment, we note the trial court's findings were made as a matter of law.

After the trial court granted the second partial summary judgment, the Carvalhos and Jagaland moved to sever the partial summary judgments into a separate cause number. Following a hearing, the trial court granted the motion and severed the orders. The Galvans appeal.

## SEVERANCE

In their first issue, the Galvans contend the trial court erred in granting the severance because "[t]he severed claim could not stand on its own and is inextricably interwoven with the remaining issues in the" original cause.

"Any claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. "Trial courts have broad discretion to sever claims, and a severance is improper only if the trial court abused its discretion in ordering the severance." *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). "Severance is proper when (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of an independently asserted lawsuit, and (3) the severed claim is not so interwoven with the remaining action that the actions involve the same facts and issues." *Id*.

Although the Galvans assert the second and third requirements for a severance were not met, the Galvans provide no record citations in their brief to guide this court in comparing the severed claims with the claims that remained pending in the original cause after severance. Accordingly, the Galvans have inadequately briefed this issue. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). From the trial court's orders, it appears to this court that claims seeking a declaration regarding the ownership of the Road and a declaration that the Road was dedicated for public use are claims that would be the proper subject of an independently asserted lawsuit. In the absence of any analysis identifying the remaining claims and the facts and issues that remain pending with regard to those claims, the Galvans have not shown that the trial

court abused its discretion in granting the motion to sever. *See Dove v. Graham*, 358 S.W.3d 681, 685 (Tex. App.—San Antonio 2011, pet. denied) (holding complaint regarding severance was not properly presented where brief offered no clear and concise argument or citations to the record in support of complaint); *see also Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at \*3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (noting "appellate court has no duty to brief issues for an appellant" and holding issue waived "[i]n the absence of legal analysis supported by record citations"). The Galvans' first issue is overruled.

### SUMMARY JUDGMENTS

In their second and third issues, the Galvans contend the trial court erred in granting the summary judgments. The only argument made in support of these issues is that the Galvans presented evidence establishing they are the owners of the Road. In support of this argument, the Galvans rely on the chain of title from the 1996 sheriff's deed executed in connection with the ad valorem tax foreclosure against Roger Gilpin and the related foreclosure judgment finding Gilpin to be the owner of the foreclosed property which was described to include the Road. The Galvans' brief, however, does not address the summary judgment evidence establishing the only interest Gilpin owned in the Road at the time of the foreclosure was a right to use the perpetual easement.

"We review summary judgments de novo." *Tex. Workforce Comm'n v. Wichita County*, 548 S.W.3d 489, 492 (Tex. 2018). "Summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Id*. (citing TEX. R. CIV. P. 166a(c)). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

As previously noted, on March 8, 1979, the record owners of a 25.234 acre tract of land, which included the 1.859 acre Road, executed a Grant of Easement granting a perpetual easement

and right of way for purposes of ingress and egress across the 1.859 acre tract of land which is the Road. Dean Haley was one of the record owners of the land who executed the Grant of Easement. On March 23, 1979, Haley conveyed to Roger Gilpin the surface of a tract of land "[t]ogether with the free and uninterrupted use, liberty, privilege and easement of passing and along" the 1.859 acre tract of land constituting the Road "with free ingress, egress, and regress." Accordingly, the only interest in the Road conveyed to Gilpin was the right to use the perpetual easement.

"An easement, unlike a possessory interest in land, is a nonpossessory interest that authorizes its holder to use the property for only particular purposes." *State v. Brownlow*, 319 S.W.3d 649, 652 (Tex. 2010) (internal quotation marks omitted). "An easement does not convey title to property." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 658 (Tex. 2007). Furthermore, a deed executed pursuant to a foreclosure "vests good and perfect title in the purchaser or the purchaser's assigns to the interest owned by the defendant in the property subject to the foreclosure." TEX. TAX CODE ANN. § 34.01(n). Because the only interest Gilpin had in the Road was the perpetual easement right, the perpetual easement right was the only right that vested in the two individuals who purchased Gilpin's property at the foreclosure and who were conveyed Gilpin's interest by the sheriff's deed executed in furtherance of that foreclosure. *See Sanchez v. Hillyer-Deutsch-Jarratt Co.*, 27 S.W.2d 634, 635 (Tex. Civ. App.—San Antonio 1930, writ ref'd) (noting sheriff's deed at a tax sale conveys only interest owned by tax debtor and "does not affect the title of persons not parties to the suit"). Accordingly, the summary judgment evidence conclusively established the Galvans did not own the Road through the chain of title from the sheriff's deed, and the trial court did not err in granting the summary judgments.

The Galvans attempt to rely on the trial court's finding that Gilpin was the owner of the Road in the judgment authorizing the foreclosure on Gilpin's property. The trial court's finding, however, was based on the appraisal records which do not establish title to property but only

indicate who the tax assessor collector believes owns the property.  *See Telfer v. Adams*, No. 05-17-01387-CV, 2019 WL 494023, at *4 (Tex. App.—Dallas Feb. 8, 2019, no pet.) (mem. op.) ("The Collin County Appraisal District's record does not establish title to the Property.  Rather, it merely indicates whom the appraisal district believes the owners to be.").  Furthermore, "[a] trial court's judgment foreclosing a tax lien is valid against the parties joined in the suit, but interested parties not joined are not bound by the judgment." *Sec. State Bank & Tr. v. Bexar County*, 397 S.W.3d 715, 722 (Tex. App.—San Antonio 2012, pet. denied).  Accordingly, the trial court's recital of ownership in the foreclosure judgment was not binding in the instant case.

The Galvans' second and third issues are overruled.

## CONCLUSION

The orders of the trial court are affirmed.

Rebeca C. Martinez, Justice